## ROBERT A. EMERY v. ANDREW J. KING.

Submitted July 10, 1899—Decided November 13, 1899.

Where the record brought up by a writ of error from a county Circuit Court fails to indicate any request or appointment of a judge of the Court of Common Pleas to hold such Circuit Court under the act of 1891, this court will take judicial notice that there is no such Circuit Court judge. A bill of exceptions signed by such judge presents no reviewable questions.

On error.

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff in error, *George A. Vroom.*

For the defendant in error, *Joseph H. Gaskill.*

PER CURIAM.

The judgment brought here by this writ of error is a judgment of the Circuit Court of Atlantic county. The assignments of error are solely directed to errors in the trial. These alleged errors are only exhibited by bills of exception sealed by "Allen B. Endicott, Judge." We take judicial notice that there is no such Circuit Court judge. There is nothing in the record to indicate any request or appointment of Judge Endicott to hold that Circuit Court, under the provisions of the supplement to the "Act relative to the supreme and circuit courts," approved April 2d, 1891. *Pamph. L.,* p. 276.

It is obvious that no reviewable question is presented by such bills of exception.

The defendant in error would therefore be entitled to a dismissal of the writ or an affirmance, but it is possible that the record is imperfect, and without expressing any opinion of the validity of the act above referred to, we are disposed to

permit the plaintiff in error to take such steps to remedy such imperfection, if any, as he may desire to do.

Application for relief in this respect must be speedily made, or defendant in error may apply to dismiss or affirm.